

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-3188
Re: When the holder of a license
to distribute or sell beer
desires to change the place
of business designated in such
license and applies to the
county judge for his consent
or approval, is the county
clerk entitled to collect an
additional $5.00 fee as set
forth in Sec. 6, Art. 2, Texas
Liquor Control Act?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"Mr. Fred G. Hill, County Clerk of Jeffer-
son County, has requested an opinion from this
department upon the following question:

"Under Article 2, Section 6 of the Texas
Liquor Control Act any person making applica-
tion for a license to distribute or sell beer
is subject at the time of hearing to a fee of
$5.00, which fee shall, by the County Clerk, be
deposited in the County Treasury.

"Section 7-D under this act provides that
should the holder of a license desire to change
the place of business designated in such license
he may do so by applying to the County Judge and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

receive his consent or approval "as in the
case of original application for license",
and without being required to pay additional
license fee for the remaining unexpired term
of the license held by him.

"Under the terminology of Section 7-D,
above referred to, is the County Clerk en-
titled to collect an additional $5.00 fee, as
set forth in Section 6, since Section 7-D
reads, 'as in the case of original applica-
tion for license'?

"Although there is a special form pro-
vided by the Administrator of the Liquor Con-
trol Board for the change of address, it
would appear from the wording in the Stat-
ute 'Section 7-D' that it is necessary for
the county judge to set a time for hearing
and the County Clerk to post a notice of
such hearing before a petition for a change
of address may be granted.

"Since this Statute has not been con-
strued by our Courts, we are referring this
matter to you for an opinion."

Article 667-6, Vernon's Annotated Penal Code, reads
in part as follows:

"The application of any person desiring
to be licensed to manufacture, distribute,
or sell beer shall be filed in duplicate with
the County Judge, who shall set same for a
hearing at a date not less than five (5)
nor more than ten (10) days from the filing
of same.

"Upon the filing of any application for
a license, the County Clerk shall give notice
thereof by posting at the courthouse door a
written notice of the filing of such petition,
and the substance thereof, and the date of
hearing upon such petition. Any citizen shall
be permitted to contest the facts stated in
said petition and the applicant's right to

secure license upon giving security for
all costs which may be incurred in such con-
test should this case be decided in favor
of the applicant; provided, however, no
officer of a county or any incorporated
city or town shall be required to give
bond for such costs.

".  .  .  .

"Every person making application for
an original license of any class herein
provided, except Branch Licenses and Tem-
porary Licenses, shall be subject at the
time of the hearing thereon to a fee of
Five Dollars ($5), which fee shall, by
the County Clerk, be deposited in the County
Treasury, and the applicant shall be liable
for no other fees except said application
fees and the annual license fee required
of him by this Act.

".  .  .  ."

Paragraph (¶) of Article 667-7 of Vernon's Anno-
tated Penal Code reads as follows:

"No license issued under the provisions
of this Article shall be assignable by the
holder thereof to any other person; provided,
that should any holder of a license desire
to change the place of business designated
in such license, he may do so by applying
to the County Judge and receiving his con-
sent or approval as in the case of original
application for license as herein provided
and without being required to pay additional
license fees for the remaining unexpired
term of the license held by him."

The Legislature has specifically provided that
$5.00 should be the only fee that applicant should have to
pay in connection with his application, except the annual
license fee required by the Liquor Control Act, and that
the sum of $5.00 should be by the County Clerk deposited
in the County Treasury.  It is apparent that every person

making application for an original license of any class provided in the act, except Branch License and Temporary License, shall be subject at the time of the hearing to a fee of $5.00. However, when the holder of the license desires to change the place of business designated in such license, he may do so by applying to the county judge and receiving his consent or approval as in the case of original application for license. Paragraph (d), above quoted, does not provide or authorize the payment of a $5.00 fee when the licensee desires to change the place of business designated in his license. We think that the section of Article 567-6, above quoted, providing for the $5.00 fee to be paid by every person making application for an original license of any class as provided in the act, except Branch License and Temporary License, does not require or authorize the payment of a $5.00 fee when the licensee desires to change his place of business. Therefore, the above stated question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED MAR 14, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:CO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN